UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHIOMA OZUZU,

                Plaintiff,

    – against –

FUNCTION(X), INC.,

               Defendant.

**ORDER**

18 Civ. 6799 (ER)

Ramos, D.J.:

    Chioma Ozuzu brings this action against Function(x), Inc. ("Function(x)") alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501. Doc. 1. Before the Court is Ozuzu's motion for default judgment. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

### I.    BACKGROUND

    Uzuzu, a professional photographer based in New Jersey, is the author and copyright owner of a photograph of the cast members of the television show, the Real Housewives of New York (the "Photograph"). *Id.* ¶¶ 1, 7–9. According to Ozuzu, on March 13, 2014, Function(x) ran an article prominently featuring the Photograph on its website, www.wetpaint.com, without obtaining his consent or a license to do so. *Id.* ¶¶ 10–11.

    Ozuzu initiated the instant action on July 27, 2018. *Id.* Despite being served on August 13, 2018, Doc. 8, Function(x) failed to respond to the complaint, or to appear in this action. On May 1, 2020, Ozuzu filed a proposed order to show cause, supported by the declaration of his counsel, Richard Liebowitz, as well as a statement of damages and a proposed default judgment. Docs. 15–18. May 29, 2020, the Court held a hearing, directing Function(x) to show cause why

default judgment should not be entered against it. Function(x) failed to appear at the hearing, and is therefore in default.

## II.     LEGAL STANDARD

Upon the default of a party, a court must accept as true all factual allegations in the complaint, except those relating to damages, and a plaintiff is entitled to all reasonable inferences from the evidence offered; but the court nonetheless has discretion to decide whether the facts set forth in the complaint state a valid claim. *See, e.g.*, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also, e.g.*, *Nwagboli v. Teamwork Transp. Corp.*, No. 08 Civ. 4562 (JGK) (KNF), 2009 WL 4797777, at *2 (S.D.N.Y. Dec.7, 2009) ("When assessing the propriety of a damages award after a judgment by default is entered, a court must be satisfied initially that the allegations of the complaint are well-pleaded." (internal quotation marks and citation omitted)).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on . . . a claim"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* In determining the amount of damages to be awarded, "under Rule 55(b) (2), 'it [is] not necessary for the District Court to hold a hearing, as long as it [has] ensured that there [is] a basis for the damages specified in the default judgment.'" *Transatlantic Marine Claims Agency, Inc. v. Ace*

*Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

### III. DISCUSSION

#### A. Liability

Even though a defendant that has defaulted is deemed to have admitted all of the well-pleaded factual allegations contained in a complaint, it has not admitted conclusions of law. *See Zhen Ming Chen v. Y Café Ave B Inc.*, 18 Civ. 4193 (JPO), 2019 WL2324567, at *1 (S.D.N.Y. May 30, 2019). Therefore, "it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action." *McDermott v. NYFirestore.com, Inc.*, No. 18 Civ. 10853 (AJN), 2020 WL 2765045, at *1 (S.D.N.Y. May 28, 2020).

To establish copyright infringement, a plaintiff must demonstrate "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Ozuzu has satisfied both elements here. The Complaint establishes that Ozuzu has a valid copyright in the Photograph. Doc. 1 ¶¶ 7–9; *id.*, Ex. B. It also sufficiently alleges that Function(x) reproduced the Photograph in an article on its website, without a license and without Ozuzu's permission or consent to do so. Doc. 1 ¶¶ 10–11. As such, Ozuzu has established a *prima facie* case for recovery.

#### B. Damages

"[T]he sole issue that remains before the court is whether the plaintiff can show, with 'reasonable certainty,' entitlement to the amount of damages [he or she] seeks." *Trinity Biotech, Inc. v. Reidy*, 665 F.Supp.2d 377, 380 (S.D.N.Y. 2009) (citations omitted). Under the Copyright

Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a).  Here, Ozuzu has elected to recover "$10,000 in actual damages and/or infringers' profits for copyright infringement."  Doc. 17 ¶ 2.

As Ozuzu notes in his statement of damages, an actual damages award "looks at the facts from the point of view of the[] copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001).  However, "[a] plaintiff seeking actual damages based on a lost licensing fee must show 'that the thing taken had a fair market value,' not merely what the copyright owner 'would have charged.'" *Romanowicz v. Allister & Paine, Inc.*, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018) (citation omitted), *report and recommendation adopted*, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).  The award must be based "on a factual basis rather than undue speculation." *On Davis*, 246 F.3d at 163 (internal quotation marks and citation omitted).

Ozuzu states that "the fair market value of the Photograph[] is what Plaintiff would have been reasonably entitled to charge had Defendant contacted him to obtain permission."  Doc. 17 ¶ 4.  But he at no point states what that amount might be, or provides any documentary evidence in support of any such fee, "such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself." *Pasatieri v. Starline Prods., Inc.*, No. 18 Civ. 4688 (PKC) (VMS), 2020 WL 207352, at *4 (E.D.N.Y. Jan. 14, 2020).  Without this information, the Court has no way of knowing what the Photograph's fair market value might be.  Similarly, Ozuzu has provided no information whatsoever from which to ascertain what Function(x)'s profits from the Photograph might be.

4

The Court therefore denies without prejudice Ozuzu's request for damages with leave to renew the request with supporting evidence.  *See, e.g.*, *McDermott*, 2020 WL 2765045, at *3–4 (denying similar request for actual damages because plaintiff did not provide sufficient supporting evidence); *see also Pasatieri*, 2020 WL 207352, at *5 (same); *Romanowicz*, 2018 WL 4762980, at *5 (same).

### C. Attorney's Fees and Costs

Finally, Ozuzu seeks $2,550 in attorney's fees and $440 in costs.  Doc. 18.  Having denied Ozuzu's request for damages, the Court, in its discretion, declines to reach his request for attorney's fees and costs until such time as Ozuzu submits sufficient evidence for an award of damages.  *See McDermott*, 2020 WL 2765045, at *4; *Pasatieri*, 2020 WL 207352, at *6.

### IV.   CONCLUSION

For the foregoing reasons, Ozuzu's motion for default judgment is GRANTED as to liability, and DENIED without prejudice as to damages, fees, and costs.  If he wishes to file a motion for damages, fees, and costs, Ozuzu must do so within ten days of the entry of this Order.

It is SO ORDERED.

Dated: June 1, 2020
       New York, New York

_____
Edgardo Ramos, U.S.D.J.