UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIOMA OZUZU,

                Plaintiff,

– against –

FUNCTION(X), INC.,

                Defendant.

**ORDER**

18 Civ. 6799 (ER)

Ramos, D.J.:

    Chioma Ozuzu brings this action against Function(x), Inc. alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.  Doc. 1.  Before the Court is Ozuzu's renewed motion for damages, fees, and costs.  Doc. 23.  For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

    **I.**    **BACKGROUND**

    Ozuzu, a professional photographer based in New Jersey, is the author and copyright owner of a photograph of the cast members of the television show, the Real Housewives of New York (the "Photograph").  *Id.* ¶¶ 1, 7–9.  According to Ozuzu, on March 13, 2014, Function(x) ran an article prominently featuring the Photograph on its website, www.wetpaint.com, without obtaining his consent or a license to do so.  *Id.* ¶¶ 10–11.

    Ozuzu initiated the instant action on July 27, 2018.  *Id.*  Despite being served on August 13, 2018, Doc. 8, Function(x) failed to respond to the complaint, or to appear in this action.  On June 1, 2020, the Court entered default judgment against Function(x) but denied without prejudice Ozuzu's motion for damages, fees, and costs.  Doc. 22.

## II.     DISCUSSION

### A.  Damages

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b) or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a).  Here, Ozuzu has elected to recover $3,000 in actual damages.  Doc. 23.

An actual damages award "looks at the facts from the point of view of the[] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act."  *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001).   However, "[a] plaintiff seeking actual damages based on a lost licensing fee must show 'that the thing taken had a fair market value,' not merely what the copyright owner 'would have charged.'" *Romanowicz v. Allister & Paine, Inc.*, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).  The award must be based "on a factual basis rather than undue speculation."  *On Davis*, 246 F.3d at 163 (internal quotation marks and citation omitted).

Ozuzu states that the fair market value of a license to Function(x) would have been "upwards of $1,500," based on Getty Images' $2,110.00 fee to license a similar photograph to a website.  Doc. 25 ¶¶ 4–5; *see also* Doc. 25, Ex. 1.  Plaintiff alleges that Getty Images is "the leading stock photography agency," suggesting that its prices reflect the fair market value of the Photograph.  The photograph on Getty Images' website is similar to Ozuzu's photograph, though the Court notes that Ozuzu has not shown that Getty Images has ever actually licensed its photograph for $2,110.00.  However, Ozuzu is a professional photographer "in the business of

licensing his photographs to online and print media for a fee," and maintains that he would charge $1,500—less than Getty Images' price—to license the photograph.  Thus, it is reasonable to assume that Function(x) would have had to pay $1,500 to license Ozuzu's photograph or a photograph similar to it.

Instead of $1,500 in damages, however, Ozuzu seaks $3,000.  Ozuzu maintains that this is because "it is unknown what profits Defendant generated from exploitation of the Photograph."  Doc. 24 ¶ 6.  Based on the slim record before it, the Court sees no reason why it should award Ozuzu more than the fair market value of the work.  As such, it finds that an award of $1,500 is more than enough to compensate Ozuzu for any harm he may have suffered.

### B. Attorney's Fees and Costs

Ozuzu seeks attorney's fees and costs, as permitted by the Copyright Act.  17 U.S.C. § 505.  Such fees and costs under that statute "lie[] within the sole and rather broad discretion of the court."  *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006).  To determine whether fees are appropriate, "courts look to a non-exhaustive list of factors including 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Reilly v. Commerce*, No. 15 Civ. 5118 (PAE) (BCM), 2016 WL 6837895, at *12 (S.D.N.Y. Oct. 31, 2016) (quoting *Mahan v. RocNation,* LLC, No. 14 Civ. 5075 (LGS), 2015 WL 4388885, at *1 (S.D.N.Y. July 17, 2015)).  Based on Function(x)'s default and failure to offer a defense, the Court finds that attorney's fees are appropriate in this case.

Here, Ozuzu seeks attorney's fees of $2,550 and costs of $480.  Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a

presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).

Ozuzu's attorney, Richard Liebowitz, is the founding member and managing partner at Liebowitz Law Firm, PLLC, which "specializes in copyright enforcement of photographs and videos." Doc. 24 ¶ 9. He asserts that his hourly rate is $425, and that this is "well below what other courts in this district have found as reasonable" for law firm partners. *Id.* ¶ 10. The Court notes that although Liebowitz is the managing partner at his firm, he has only been practicing law for about five years. *Id.* ¶ 9. Considering his relatively short time in practice and the repeated and grave concerns around his practice, *see generally Usherson v. Banshell Artist Mgmt.*, No. 19 Civ. 6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020), the Court finds it more appropriate to regard him as a junior partner or senior associate, and finds that $350 per hour is a "generous rate consistent with the amount that other courts have awarded him." *Dermansky v. Telegraph Media, LLC*, No. 19 Civ. 1149 (PKC) (PK), 2020 WL 1233943, at *7 (E.D.N.Y. March 13, 2020) (collecting cases).

Liebowitz has submitted documentation that he spent 6 hours working on this case. Doc. 24 ¶ 10. In part, he represents that he spent 1.5 hours reviewing the case file in preparation for filing, 1.5 hours drafting and filing the complaint, and 2 hours drafting the application for default judgment. *Id.* Given the simplicity of this case, and the fact that Liebowitz has filed thousands of almost identical cases, *see Usherson*, 2020 WL 3483661, at *1, the Court finds that these tasks could easily have been done in half the time. It therefore reduces the number of hours worked to 3.5.

Based on these reductions, the Court awards attorney's fees in the amount of $1,225.

Finally, Plaintiff requests costs in the total amount of $440, including $400 in court filing fees and $40 in personal service fees. "Attorneys' fees may include 'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Reilly*, 2016 WL 6837895, at *13 (quoting *Noble v. Crazetees.com*, No. 13 Civ. 5086 (PAE) (HBP), 2015 WL 5697780, at *13 (S.D.N.Y. Sept. 28, 2015)). The Court grants this request.

### III. CONCLUSION

For the foregoing reasons, Ozuzu's motion for damages, attorney's fees, and costs is GRANTED in part and DENIED in part. The Court awards Ozuzu $1,500 in damages, $1,225 in attorney's fees, and $440 in costs. This judgment shall accrue post-judgment interest as mandated by 28 U.S.C. § 1961. The Clerk of Court is respectfully directed to terminate the motion, Doc. 23, and to close the case.

It is SO ORDERED.

Dated: August 21, 2020
       New York, New York

_____
Edgardo Ramos, U.S.D.J.